**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4719**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

DAVID EARL WILLIAMS, a/k/a Kristian Williams,

     Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:04-cr-00045-TDS-2)

Submitted: April 9, 2013    Decided: April 12, 2013

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Joan Brodish Binkley, Douglas Cannon, Frank Joseph Chut, Jr., Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Earl Williams appeals the district court's order revoking his supervised release and sentencing him to thirteen months of imprisonment and a twenty-three month term of supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Williams' sentence is plainly unreasonable. Although notified of his right to do so, Williams has not filed a supplemental brief. We affirm.

We ordinarily review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). However, because Williams did not object to the district court's revocation of his supervised release, we review for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). To satisfy the plain error standard an appellant must show: "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Williams satisfies these requirements, correction of the error is appropriate only if we conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks

2

omitted). Here, Williams admitted to violating numerous conditions of his supervised release. Accordingly, the district court did not err in directing that Williams' supervised release status be revoked. 18 U.S.C. § 3583(e)-(g) (2006).

The district court also appropriately sentenced Williams. A district court has broad discretion when imposing sentence upon revoking a term of supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm such a sentence if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. Only if we so find, will we "then decide whether the sentence is plainly unreasonable . . . ." Id. at 439.

Here, the district court correctly calculated Williams' advisory policy statement range and considered the 18 U.S.C. § 3553(a) (2006) factors applicable to sentencing upon revocation of supervised release. The court was also well within its statutory authority to sentence Williams to an additional term of supervised release. 18 U.S.C. § 3583(h). Because the district court also clearly explained the basis for Williams' sentence, we find no error in its imposition.

3

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the revocation of Williams' supervised release and his sentence. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>